**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:14-CV-534-GCM**

| | |
|---|---|
| EDWARD REED PATTERSON, ) ) Plaintiff, ) ) v. ) ) PIEDMONT NATURAL GAS COMPANY, INC., ) ) ) Defendant. ) _____ ) | **AMENDED CONSENT PROTECTIVE ORDER** |

In the course of discovery, the parties will request and exchange information and documents that are or may be of a personal, confidential and/or proprietary nature, including but not limited to personnel data and records, financial records, student records, previous litigation matters, medical or health-related records, materials related to employee benefits, confidential information regarding operations of Piedmont Natural Gas Company, Inc., and/or other personal or financial information. The parties seek to limit the use of the information and documents to protect themselves from annoyance and potential embarrassment as well as to maintain the confidentiality of personal, personnel, financial, and/or proprietary information. Accordingly, they have agreed to the entry of this Order to facilitate the production of the information requested and any information which has been or will be produced during discovery in this case.

## Protective Order
### Designation of Confidential Information

1. "Confidential information" as used herein means any type or classification of information which is designated as "confidential" in the manner specified below, in the good faith belief that such information falls within the scope of Rule 26(c) of the Federal Rules of Civil Procedure and is subject to this Protective Order. For purposes of this Protective Order, "confidential information" includes, but is not limited to, proprietary, business, commercial, financial and/or personal information, including but not limited to financial data and records, employee personnel files, pay information, medical or health-related records, drug testing documents, workers' compensation files, corporate policies and procedures, any competitively sensitive materials, actuarial records and reports, information about disabilities, tax returns, retirement benefits, student information, information or documents related to the operations at Piedmont Natural Gas Company, Inc., and other personal or financial information relating to the parties or others. "Confidential information" may include documents, information contained in documents, depositions, interrogatory answers, and all other discovery pursuant to the Federal Rules of Civil Procedure, court testimony, and matters in evidence and other information furnished by or on behalf of any party in connection with this litigation which falls within the scope of this Protective Order.

2. The party producing any documents or information subject to this Protective Order shall have the right to use its discretion in designating materials subject to this Order to be confidential information. However, the party shall be obligated to designate only documents or information which it believes in good faith to be information within the scope of Rule 26(c) of the Federal Rules of Civil Procedure. Moreover, the party shall be obligated

to make specific designations to the extent reasonably possible and to avoid overbroad designations.

3. Any party producing documents may designate such documents and copies thereof as confidential by marking any confidential page as follows: CONFIDENTIAL. In lieu of placing said legend on the originals of documents, the producing party may legend the copies that are produced. When producing a multi-page document, all of which it contends is confidential, a party shall mark each page as follows: CONFIDENTIAL.

4. Information disclosed at the deposition of any party or at the deposition of one of its present or former officers, directors, employees or agents, or of independent experts retained by any party for purposes of this litigation may be designated by such party as confidential by indicating on the record at the deposition that the testimony is confidential and subject to the provisions of this Order. Alternatively, such party may designate information disclosed at such deposition as confidential by notifying all parties in writing, within twenty (20) business days of receipt of the transcript, of the specific pages and lines of the transcript which are confidential. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control. All depositions shall be treated as confidential for a period of at least twenty (20) business days after a full and complete transcript of said deposition is available.

### *Use of Confidential Information*

5. Confidential information shall be used only for the purpose of these proceedings and shall not be disclosed to any person except the following:

    (a) Official counsel for any party, the legal associates, clerical or other support staff of such counsel assisting in the preparation of this action;

(b) The parties themselves as well as agents, representatives and employees of either party, as is necessary to prepare this case for litigation;

(c) Subject to the provisions of Paragraph 6 below, independent experts (who shall not be a party or an employee of a party) employed by either party for the purpose of assisting in this action;

(d) A witness who is either the producing party or an employee of the producing party or a former or current employee of the producing party, as is necessary to prepare this case for litigation, and, the court reporter and courtroom personnel at any deposition, pretrial hearing, trial or other proceedings held in connection with this action;

(e) Subject to the provisions of Paragraph 7 below, any court, including this Court, or appellate body which has cause to consider any of the issues raised in this action;

(f) Jurors and prospective jurors;

(g) Or any other person or entity to whom this Court orders or allows disclosure after notice and opportunity for hearing.

It is specifically agreed to by the parties that Plaintiff himself cannot disclose any documents marked "CONFIDENTIAL" pursuant to this Consent Protective Order to any person assisting him with this litigation unless such person is duly authorized to practice law and has entered an appearance in this case and/or has established an attorney-client privileged relationship with Plaintiff or is referenced in Paragraph 5(a) of this Order.

### *Non-Disclosure of Confidential Information*

6. No person to whom confidential information is disclosed shall disclose such confidential information to any person to whom disclosure is not authorized by the terms hereof, or make any other disclosure of such confidential information for any purpose

whatsoever, commercial or otherwise. In addition to the other restrictions on disclosure contained herein, the parties agree that no confidential information may be disclosed to any person (including any consultant, expert or employee of any party) until such person has read a copy of this Order and signed an acknowledgment, thereby indicating his or her willingness to be bound by its provisions. The disclosing party shall have the obligation to maintain records identifying all such persons to whom information has been disclosed.

### *Information Filed with the Court*

7. When a party seeks to file under seal confidential documents, things, and/or information, including confidential portions of any transcript, a party shall submit such materials to the court pursuant to the CM/ECF procedures for submitting sealed documents, including but not limited to providing a supporting memorandum, and proposed order, if required by the applicable rules. Included in such motion or supporting memorandum, the moving party shall specify (a) the exact documents, things, and /or information, or portions thereof, for which filing under seal is requested; (b) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (c) the reasons why alternatives to sealing are inadequate; and (d) whether there is consent to the motion. The parties, at their option, may discuss the information to be filed with the Court in an effort to avoid having to file items under seal. Upon agreement by the parties, the process for filing matters under seal maybe eliminated.

### *General Conditions*

8. In the event that a party disputes the propriety of the designation of any material or information as confidential, that party may not file a motion with the Court requesting a ruling regarding whether the material or information should be treated as confidential for

purposes of this Consent Protective Order until the party disputing the designation has first contacted the producing party in an attempt to come to an agreement on the designation. No party shall be obligated to challenge the propriety of any designation of information as confidential and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

9. At the conclusion of this litigation, the parties, at their own option, may contact the Court to obtain any confidential information in the Court's files so the parties may make appropriate disposition of all confidential information furnished pursuant to the terms of this Order. At the conclusion of the litigation, the parties agree to return any confidential information to the party providing the confidential information except transcriptions of depositions taken in the course of this proceeding or enter into an agreement between counsel for the parties that the materials within his/her possession will be disposed of properly. The parties themselves; however, must not maintain any confidential information produced by the opposing party and all such materials must be returned or remain in the possession of designated counsel in this matter.

10. This Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to the confidential information. Specifically, this Protective Order shall not require any party to notify or to obtain permission from other parties before introducing materials designated confidential at trial or examining witnesses about materials designated confidential during depositions or at trial, beyond the notice required by the Federal Rules of Civil Procedure, local court rules or order of this Court.

11. Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to confidential information as that party may consider appropriate; nor shall any party be precluded from claiming that any matter designated hereunder is not entitled to protection, or is entitled to a more limited form of protection than designated.

12. The ultimate disposition of protected materials shall be subject to a final order of the Court upon completion of the litigation.

This 14th day of July, 2015.

| | |
|---|---|
| **/s/Geraldine Sumter** | **/s/W.R. Loftis, Jr.** |
| Geraldine Sumter | W.R. Loftis, Jr. |
| N. C. State Bar No. 11107 | N.C. State Bar No. 2774 |
| Email: gsumter@fergusonsumter.com | Email: rloftis@constangy.com |
| Ferguson Chambers & Sumter, P.A. | **/s/ Kristine M. Sims** |
| 309 East Morehead Street | N.C. State Bar No. 26903 |
| Suite 110 | Email: ksims@constangy.com |
| Charlotte, NC 28202-2200 | **/s/ William J. McMahon, IV** |
| Telephone: (704) 375-8461 | N.C. State Bar No. 34097 |
| Facsimile: (704) 938-4867 | Email: bmcmahon@constangy.com |
| Attorney for Plaintiff | CONSTANGY, BROOKS, SMITH & PROPHETE, LLP |
| | 100 North Cherry Street, Suite 300 |
| | Winston-Salem, NC 27101 |
| | Telephone: (336) 721-1001 |
| | Facsimile: (336) 748-9112 |
| | Attorneys for Defendant |

**SO ORDERED.**

Signed: July 14, 2015

Graham C. Mullen
United States District Judge